UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMILAH ABDUL-HAQQ,

       Plaintiff,

      v.

SAN JOAQUIN GENERAL HOSPITAL,
*et al.*,

      Defendants.

Case No.  2:25-cv-2525-JDP (PS)

ORDER

Defendants move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 7.  Because the complaint fails to comply with Rule 8, defendants' motion is granted, and the complaint is dismissed with leave to amend.

**Defendants' Motion to Dismiss**

I.     Factual Allegations

Plaintiff alleges that defendants, San Joaquin General Hospital, and three of its employees, Belva Snyder, Debbie Cocola, and Paul Zeller, violated her constitutional rights while she was employed as a nurse.  ECF No. 1 at 5.  Plaintiff claims that she was hired with pre-existing PTSD and anxiety disorder and worked in the Post-Anesthesia Care Unit ("PACU") at defendant hospital.  *Id.*  Plaintiff alleges that in July 2021, she experienced a "hostile incident" at work that exacerbated her PTSD.  *Id.*  Plaintiff alleges that "Nursing Administration" failed to intervene,

1

offer any form of reassurance, or take any meaningful steps to investigate. *Id*. at 10. After this incident, plaintiff alleges that she accepted a leadership role in the PACU. *Id.* at 11. Six weeks after this promotion, in November 2022, she was demoted after reporting two incidents of workplace violence and harassment. *Id.* She made an EEOC complaint and was reinstated to the leadership position shortly thereafter, but, at some point, she was again demoted. *Id.* Plaintiff alleges that "[d]efendants acted to remove her" after she filed a workers' compensation injury complaint in December 2023. *Id.* at 12. Plaintiff filed a formal harassment complaint and then was removed from the PACU in January 2024. *Id.* She alleges that she was "medically cleared to return in May 2024" but was "excluded from continued employment." *Id.*

Plaintiff asserts that defendants violated her procedural due process property and "liberty interests." ECF No. 1 at 13-14 (counts I and X). She also claims disability discrimination, failure to accommodate, and retaliation claims under the ADA (counts II, VII, and X), California employment law claims (counts III, VIII, and XII), claims under section 504 of the Rehabilitation Act of 1973 (counts IV and XIII), and claims under the Family Medical Leave Act (counts V, IX, and XIII).[1] She also alleges that defendants violated her right to have them engage in a good faith interactive process. *Id.* at 23 (count VI). Plaintiff finally alleges that defendants engaged in racial discrimination in violation of California and federal law. *Id.* at 38 (count XIIII).

II.    Rule 12(b)(6) Standard

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when a plaintiff "pleads

---

[1] Plaintiff has titled two of her causes of action "Count XIII."

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In assessing the sufficiency of the pleadings, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible." *Id.* at 683. Ultimately, the allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, a liberal interpretation of a complaint "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

III.    Defendants' Motion to Dismiss

The complaint, as pled, fails to conform with Rule 8. Rule 8(a) requires that a pleading shall contain:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

3

The court may dismiss a complaint for failure to comply with the provisions of Rule 8, either upon a motion by the opposing party, or *sua sponte*. *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969); *Kittay Kornstein,* 230 F.3d 531, 542 (2d Cir. 2000). The district court has the discretion to dismiss an action for failure to comply with the requirement of Rule 8(a). *Gillibeau*, 417 F.2d at 431; *Atkins v Northwest Airlines, Inc*, 967 F.2d 1197, 1203 (8th Cir. 1992) ("A dismissal without prejudice under Rule 8 is within the sound discretion of the trial court."). Such dismissals may be based on the length, content, and organization of the complaint *See Connell v Signoracci*, 153 F.3d 74, 82 (2d Cir 1998) ("The 89-page pleading is an *omnium gatherum*, obsessively repetitious, overwrought in tone, and organized like a front hall closet.").

The policy behind Rule 8's pleading requirement is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and Coord Unit*, 507 U.S. 163, 168 (1993) (citations and quotations omitted), *see also Salahuddin v Cuomo*, 861 F.2d 40, 41 (2d Cir 1988) ("The statement should be short because unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.").

Here, the complaint is unnecessarily long, even given that it contains fifteen legal claims. For instance, plaintiff fails to differentiate between the various defendant parties in her factual allegations.[2] These "naked assertions" of wrongdoing are insufficient. *Iqbal*, 556 U.S. at 678. This issue especially undermines her claims under 42 U.S.C. § 1983, which require that each alleged violation be committed by a "person" acting under color of state law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). To properly allege these causes of action, plaintiff must offer individualized allegations that each of the named defendants personally participated in or caused a deprivation of her rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Leer*

---

[2] Regarding defendant's arguments that plaintiff has failed to exhaust her claims, plaintiff has sufficient pled her exhaustion with administrative remedies. ECF No. 1 at 9.

4

*v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Actions that plaintiff imputes to "Nursing Administration" are insufficient to meet this standard. *See* ECF 1 at 5, 10, 11, 12.

Plaintiff has not complied with the "short and plain statement" requirement of Rule 8(a), because of the length and unnecessary detail of the factual section of the complaint. The court will, therefore, exercise its discretion and will grant without prejudice defendants' motion to dismiss. Since plaintiff is proceeding pro se, the court will provide "some notice of [the complaint's] deficiencies" to guide amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint must set forth a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). Plaintiff is cautioned that any amended complaint must specifically identify actions by individual defendants who personally and substantially participated in depriving her of her constitutional rights. *Johnson v. Duff*, 588 F.2d 740, 743 (9th Cir. 1978). Each count must include sufficient facts to support that count, and those facts should be alleged under each cause of action. *Jones v. Cnty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim."). Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Any amended complaint must be complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. An amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] amended complaint supersedes the original, the latter being treated thereafter as non-existent.") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to dismiss, ECF No. 7, is GRANTED.

5

2. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3. Within fourteen days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated:     June 24, 2026     _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE